UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>            Plaintiff        )<br>                          )<br>    v.                    )     No. 2:02 CR 44<br>                          )<br>TERENCE DILWORTH and      )<br>WILLIAM J. DAVISON,       )<br>            Defendants    )  | |

### OPINION and STATEMENT ON LIMITED REMAND AS TO RESENTENCING

In the appeals in this action taken by defendants Dilworth and Davison, the Court of Appeals has ordered limited remands pursuant to the procedure explained in *United States v. Paladino*, 401 F.3d 471, 484 (7th Cir. 2005). The purpose of a *Paladino* remand is so that, in what the Court of Appeals described as "the shortest, the easiest, the quickest, and the surest way," that court can obtain this court's determination whether it would have imposed the same sentence upon defendants had it known at the time of sentencing that the United States Sentencing Guidelines ("Guidelines") were advisory, not mandatory. *Id.* at 483.

As directed in *Paladino*, this court sought the views of counsel on the subject, by requiring them to file memoranda "addressing the issues they deem pertinent to re-sentencing." Order entered August 25, 2005. The Assistant United States Attorney filed a memorandum which, summed up in one sentence, argues

that the sentences imposed were reasonable in light of all the factors to be considered under 18 U.S.C. § 3553(a), and so the court should be disinclined to resentence the defendants. The defendants both argue that the court should indicate to the Court of Appeals that it wants to re-sentence the defendants, so that the defendants may have the opportunity to offer a raft of evidence relevant to the § 3553(a) factors that they neglected to offer before, believing such evidence irrelevant in light of the then-mandatory nature of the Guidelines.[1] What that evidence might be is not proffered to the court: essentially, the defendants are asking this court to indicate to the Court of Appeals that their sentences should be vacated in order for them to offer unknown new evidence that might, or might not, persuade this court to impose a different sentence.

The court does not believe that approach—which would mean that every defendant in every case falling under *Paladino*'s rule should be sentenced anew—is what the Court of Appeals contemplated as the result of its holding in *Paladino*. If the defendants believe that there is evidence that would support a lesser sentence, at the very least they should have made a proffer of that evidence

---

[1] Defendant Dilworth also argues that the court improperly calculated his criminal history category. The court believes that consideration of that issue is outside the scope of the limited remand of the case to this court.

2

in response to the court's directive to address issues that would be relevant at resentencing.

Considering the record as it stands and the argument of counsel based on that record in light of the sentencing criteria under § 3553(a), and with the knowledge that the Guidelines are merely advisory, the court believes that the sentences imposed were reasonable, appropriate, and sufficient, but not greater than necessary, to comply with the sentencing purposes set out in § 3553(a)(2). Thus, were the court to resentence defendants now, it would impose the same sentences. Accordingly, as to defendants Terence Dilworth and William J. Davison, the court hereby **NOTIFIES** the Court of Appeals that it would reimpose the same sentences on remand.

**Enter:** September 26, 2005

       s/James T. Moody
      JUDGE JAMES T. MOODY
      UNITED STATES DISTRICT COURT