UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:02 CR 44 |
| ) | |
| TERRENCE DILWORTH ) | |

**OPINION and ORDER**

This matter is before the court on the motion of defendant Terrence Dilworth for a reduction of his sentence pursuant to 18 U.S.C. § 3582 and the First Step Act of 2018, H.R. 5682, 115th Cong. (Dec. 21, 2018). (DE # 795.) For the reasons that follow, the motion is granted, in part, and denied, in part.

**I.    BACKGROUND**

In 2003, a jury convicted defendant of three counts. (DE # 154.) Count 1 alleged conspiracy to distribute 50 grams of more of crack cocaine and carried a statutory penalty of 10 years to life imprisonment, plus a minimum of 5 years of supervised release. Counts 9 and 10 alleged distribution of crack cocaine and carried a statutory penalty of 5 to 40 years imprisonment, plus a minimum of 4 years of supervised release. (DE # 788.)

At sentencing, the court concluded that defendant was responsible for more than 1.5 kilograms of cocaine base. (DE # 788.) Defendant's sentencing range under the United States Sentencing Guidelines was 360 months to life. The court sentenced defendant to a 360-month term of imprisonment on Counts 1, 9, and 10 concurrently,

plus 5 years of supervised release on Count 1, and 4 years of supervised release on Counts 9 and 10, to run concurrently. (DE ## 244, 245.)

Defendant sought several reductions to his sentence based on Amendments to the Sentencing Guidelines. In the course of denying the first few of these motions, the court determined that defendant was responsible for more than 4.5 kilograms of crack cocaine, and that the conspiracy of which he was a member sold a quantity of drugs greater than 16.9 kilograms of crack. (DE ## 603, 693.) Amendment 782 to the Guidelines, however, did result in relief for defendant; the court reduced defendant's term of imprisonment to 292 months. (DE ## 751, 758.) The 292-month term was selected from the lowest end of the then-applicable Guidelines range of 292 to 365 months. (DE # 751.)

Through appointed counsel, defendant has now moved for a reduction of his sentence pursuant to the First Step Act of 2018. (DE # 795.) The motion is fully briefed and ripe for ruling.

II.   DISCUSSION

The First Step Act of 2018 independently authorized a district court to resentence eligible defendants as if the statutory penalties of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, S. 1789, 111th Cong. (Aug. 3, 2010), were in effect at the time of the original sentencing. The purpose of the First Step Act was "to address the disparities between sentences for crack and powder cocaine." *United States v. Shaw*, 957 F.3d 734, 735 (7th Cir. 2020).

At the outset, the Government argues that, though defendant was charged with and found guilty of a charge involving 50 grams of crack, the court should, for purposes of First Step Act resentencing, consider defendant responsible for the higher amount of crack the court found attributable to defendant at the Guidelines Amendments phases. Under the Government's theory, the court should find defendant ineligible for relief under the First Step Act because the higher crack quantity would place defendant squarely in the same position in terms of post-Fair Sentencing Act statutory maximums and minimums. The Government further argues: "Had the government known about the Fair Sentencing Act at the time of the Indictment, it would have alleged Count 1 involved more than 280 grams of crack cocaine." (DE # 799 at 3.) However, the Government's argument has been rejected by the Seventh Circuit Court of Appeals. *Shaw*, 957 F.3d at 739 (holding that "the statute of conviction alone determines eligibility for First Step Act relief," not the quantities of crack involved).

The question, for purposes of determining eligibility under the First Step Act, is whether "defendant was convicted of a crack-cocaine offense that was later modified by the Fair Sentencing Act." *Id.* at 735. In this case, the Fair Sentencing Act shifts the statutory penalty applicable to Count 1 from 10 years - life, to 5 - 40 years. For Counts 9 and 10, the statutory penalties shift from 5 - 40 years, to 0 - 20 years. Further, the Fair Sentencing Act modifies the minimum term of supervised release on Count 1 from 5 years, to 4 years. Similarly, on Counts 9 and 10, the term of supervised release is reduced from 4 years, to 3 years. Thus, because, "defendant was convicted of a

3

crack-cocaine offense that was later modified by the Fair Sentencing Act, he . . . is eligible to have a court consider whether to reduce the previously imposed term of imprisonment." *Id.*

The court now considers whether a reduction in defendant's sentence is appropriate. As recommended by *Shaw,* 957 F.3d at 741-42, the court considers defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to defendant's request. The court's prior consideration of the § 3553(a) factors explained at sentencing remains valid. The court has considered defendant's argument that he has completed over 70 educational and self-improvement courses while in custody. (DE # 788.) Further, the court has considered the fact that defendant's disciplinary history is relatively remote and minor. However, the court notes that defendant engaged in a serious drug crime as part of a significant criminal drug conspiracy. The court is also mindful of the need to deter both defendant and future offenders from engaging in drug conspiracies.

The court has also thoroughly considered the advisory Sentencing Guidelines range applicable to defendant. Even with the application of the Fair Sentencing Act to defendant's case, the low end of the applicable Guidelines range for defendant's crack charges is 292 months imprisonment. This is the same term of imprisonment the court found appropriate following Amendments to the Sentencing Guidelines. In other words, defendant's term of imprisonment on his crack charges is already at the lowest it

can be within the Guidelines range. Although the court acknowledges it has the discretion to go even lower than the Guidelines minimum, it declines to do so for the reasons articulated above.

Nonetheless, the 292-month term of imprisonment on the crack charges must conform to the effects the Fair Sentencing Act had on the statutory penalties applicable to defendant. As explained above, under the Fair Sentencing Act, the statutory penalty for Count 1 would be 5 - 40 years, and for Counts 9 and 10 it would be 0 - 20 years. A 292-month sentence is within the bounds of these post-Fair Sentencing Act statutory minimums and maximums on Count 1. However, for Counts 9 and 10, defendant's term of imprisonment may not exceed 20 years, or 240 months; accordingly, the court will reduce defendant's term of imprisonment for Counts 9 and 10 to 240 months. (However, because defendant's terms of imprisonment are to be served concurrently, this reduction has no practical effect in terms of defendant's ultimate release date.)

In accordance with the Fair Sentencing Act, the court also modifies defendant's terms of supervised release as follows: defendant is sentenced to a 4-year term of supervised release on Count 1, and a 3-year term of supervised release on Counts 9 and 10, to run concurrently.

### III. CONCLUSION

For the foregoing reasons, the court grants, in part, and denies, in part, defendant's motion for resentencing under the First Step Act. (DE # 795.)

**SO ORDERED.**

Date: July 20, 2020

               s/James T. Moody
               JUDGE JAMES T. MOODY
               UNITED STATES DISTRICT COURT